UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JARED RANDALL SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:18-cv-0072 |
| | ) CHIEF JUDGE CRENSHAW |
| DUSTIN McCARTER et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Jared Randall Sims is an incarcerated at the Sumner County Jail in Gallatin, Tennessee. Before the court is Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and his Motion for Appointment of Counsel (Doc. No. 4). In addition, Plaintiff has filed a complaint for civil rights violations under 42 U.S.C. § 1983 against Defendant Tennessee Department of Corrections (TDOC) Probation and Parole Officers Dustin McCarter and Taylor Key, and Sumner County Sheriff's Officer Dustin Hood, which is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the application (Doc. No. 2) will be granted.

Nevertheless, under § 1915(b), Plaintiff remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs' the opportunity to make a "down payment" of a partial filing fee and to pay

the remainder in installments. Accordingly, Plaintiff will be assessed the full $350 filing fee, to be paid as directed in the order accompanying this memorandum opinion.

## II. INITIAL REVIEW

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards

than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Plaintiff alleges that on October 30, 3017, Defendants McCarter and Key came to the location where he was living looking for a parolee named Felicia Hurt, who was visiting Plaintiff. (Doc. No. 1.) At the time of the events underlying his complaint, Plaintiff was living in Room 119 at the Country Inn in Bethpage, Tennessee. (Id.) Plaintiff alleges that instead of just taking Ms. Hurt and leaving his room, Defendants McCarter and Key pushed into his room, over his objections, "took possession" of his room to interview and drug test Ms. Hurt and refused to leave. (Id.) Additionally, Defendants McCarter and Key searched through Plaintiff's possessions "based on the fact that [he] was on misdemeanor probation in another county although [his] probation order contains no search clause." (Id.) When Plaintiff refused to cooperate Defendants McCarter and Key contacted Defendant Hood at the Sumner County Sheriff's Office. (Id.) Defendant Hood came to Plaintiff's room "and based on information from the illegal warrantless search," Defendant Hood applied for and received a search warrant. (Id.) Plaintiff's room was searched again and he was eventually charged with several crimes and transported to the Sumner County Jail. (Id.) Plaintiff asserts that he "is still incarcerated facing trumped-up charges as a result of the defendants disregard for his constitutional rights." (Id. at Page ID# 2.)

Plaintiff alleges that Defendants McCarter, Key and Hood violated his rights under the Fourth Amendment. As relief, he seeks monetary damages.

### B. Discussion

Plaintiff alleges that Defendants illegally searched his room and based on that search arrested him. He asserts that he is incarcerated and is "facing trumped-up" charges.

Section 1983 creates a private right of action "against officials who, under the color of state law, deprive individuals of their constitutional rights." Brown v. Chapman, 814 F.3d 447, 457 (6th Cir. 2016) (citing 42 U.S.C. § 1983). A person who has been the victim of "an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens" to unreasonable searches and seizures. Brooks v. Rothe, 577 F.3d 701, 706 (6th Cir. 2009) (citing U.S. Const. amend. IV; Gardenhire v. Schubert, 205 F.3d 303, 312–13 (6th Cir. 2000)). While it appears that Plaintiff's allegations are sufficient to state a claim for violation of his Fourth Amendment rights, under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), the Court must abstain from hearing Plaintiff's claim.

Under Younger abstention, federal courts should abstain from deciding a matter that implicates pending state-court criminal proceedings. Id. at 43–45. Stated generally, Younger abstention is a legal doctrine that guards against federal court interference with pending state judicial proceedings absent extraordinary circumstances. Id. at 45. The Younger doctrine is based on principles of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. at 44. In accordance with the Younger doctrine, this Court should abstain from deciding a case where "there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." Habich v. City of Dearborn, 331 F.3d 524, 530 (6th Cir. 2003); see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Federal courts may raise abstention *sua sponte*. See Hill v. Synder, 878 F.3d 193, 206 n.3 (6th Cir. 2017) (citing Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976).

4

The three factors that support Younger abstention are present in this case. First, Plaintiff alleges that he is "incarcerated and is "facing trumped-up charges." Thus, there is an ongoing state criminal proceeding which was pending when Plaintiff filed his complaint. See Federal Express Corp. v. Tennessee Pub. Serv. Comm'n, 925 F.2d 962 (6th Cir. 1991) (holding that "the pendency of a state proceeding for the purposes of Younger is determined at the time the federal action is filed.) Accordingly, the first Younger factor is satisfied.

Second, as a matter of course, state criminal proceedings involve important state interests. See Younger, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); see also Parker v. Turner, 626 F.2d 1, 8 (6th Cir. 1980) ("Younger established a near-absolute restraint rule when there are pending state criminal proceedings."). For this reason, "a federal court should be loath to assume jurisdiction to interfere with state criminal proceedings, including postconviction proceedings." Baze v. Parker, 632 F.3d 338, 341 (6th Cir. 2011) (citing State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 422 (2003); Younger, 401 U.S. at 43–44; Coleman v. Thompson, 501 U.S. 722, 726 (1991)). As such, the second Younger factor is satisfied.

Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. See e.g., State v. Hawkins, 519 S.W.3d 1, 37-38 (Tenn. 2017) (concluding that trial court's erroneous admission of the defendant's statement violated the Fourth Amendment, however, the admission of such evidence was harmless beyond a reasonable doubt); State v. Richards, 286 S.W.3d 873, 881-82 (holding that the warrantless search of the defendant violated the Fourth Amendment and affirming the Court of Criminal Appeals holding that the evidence should have been suppressed after the trial court denied the defendants motion to suppress); State v. Yeargan, 958 S.W.2d 626. 633 (1997) (finding no Fourth Amendment violation in connection with an investigatory stop after trial court denied the defendant's motion to suppress). Moreover,

"[a]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n, 498 F.3d 328, 332 (6th Cir. 2007) (emphasis in original). There being no clear bar to Plaintiff raising his Fourth Amendment claim in state court, the third Younger factor is satisfied.

Although all three Younger requirements are met, extraordinary circumstances such as "bad faith, harassment, or flagrant unconstitutionality" may still render abstention inappropriate. Id. at 335 (citation omitted). Courts have interpreted these exceptions narrowly. Zalman v. Amrstrong, 802 F.2d 199, 205 (6th Cir. 1986). Notably, the "flagrantly unconstitutionality" exception is extremely narrow: "[T]he Supreme Court has never found it to be applicable since it first announced the exception in Younger." Goodwin v. Cty. Of Summit, Ohio, 45 F.Supp.3d 692, 703 (N.D. Ohio 2014). In order to overcome the bar of Younger abstention, a plaintiff must do more than set forth mere allegations of bad faith or harassment. See Amanatullah v. Colorado Board of Medical Examiners, 187 F.3d 1160, 1165 (10th Cir.1999) (citing Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir.1997)). Plaintiff's allegations do not implicate any of the Younger exceptions.

Where the defendant seeks only legal relief, in the form of damages, the Court must stay the case instead of exercising its discretion in deciding to dismiss the case. See Nimer v. Litchfield Tp. Bd. of Trustees, 707 F.3d 699, 702 (6th Cir. 2013). "This is because the United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.'" Id. (citing Quackenbush, 517 U.S. 706, 731 (1996). See also Carroll v. City of Mount Clemens, 139 F.3d 1072, 1079 (finding that "[w]hile Quackenbush involved Burford abstention, its reasoning applies with equal force to Younger abstention."). Because the defendant seeks only legal relief, the Court will stay the case pending the conclusion

6

of the Plaintiff's state criminal proceedings.

### III. MOTION TO APPOINT COUNSEL

Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. Abdur-Rahman v. Mich. Dep't of Corr., 65 F.3d 489, 492 (6th Cir. 1995); Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. Abdur-Rahman, 65 F.3d at 492; Lavado, 992 F.2d at 604-05; see Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. See Lavado, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's case. Plaintiff's request for appointment of counsel will be denied without prejudice to Plaintiff's ability to request appointed counsel, if necessary, in the future.

### VI. CONCLUSION

For the reasons set forth herein, this action will be stayed and the case administratively closed pending the conclusion of the Plaintiff's pending state criminal proceedings as described in the accompanying order.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE