UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JARED RANDALL SIMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00072 |
| | ) | CHIEF JUDGE CRENSHAW |
| DUSTIN McCARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Jared Randall Sims filed this civil rights action under 42 U.S.C. § 1983 while incarcerated in the Sumner County Jail. (Doc. No. 1.) He also filed an application for leave to proceed in forma pauperis (IFP), which the Court granted by Order entered March 2, 2018. (Doc. No. 6.) In that Order, the Court stayed proceedings in this case and administratively closed the matter pending the conclusion of state criminal proceedings. (Id. at 3.)

Plaintiff has now filed a Motion to Reopen After Stay (Doc. No. 9) and a Motion to Request Leave to Amend (Doc. No. 8). By Order entered contemporaneously herewith, the Court will grant the motion to reopen and deny as moot the motion for leave to amend, construing the Amended Complaint filed as a matter of course under Federal Rule of Civil Procedure 15(a)(1).

The following initial review of the Amended Complaint is in order pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

I.   **Initial Review**

   A.   **Background**

The Court has previously determined that the allegations in the original complaint appear to be sufficient to state a claim for violation of his Fourth Amendment rights. (Doc. No. 5 at 4.) The Court noted as follows:

> Plaintiff alleges that on October 30, 3017, Defendants McCarter and Key came to the location where he was living looking for a parolee named Felicia Hurt, who was visiting Plaintiff. (Doc. No. 1.) At the time of the events underlying his complaint, Plaintiff was living in Room 119 at the Country Inn in Bethpage, Tennessee. (Id.) Plaintiff alleges that instead of just taking Ms. Hurt and leaving his room, Defendants McCarter and Key pushed into his room, over his objections, "took possession" of his room to interview and drug test Ms. Hurt and refused to leave. (Id.) Additionally, Defendants McCarter and Key searched through Plaintiff's possessions "based on the fact that [he] was on misdemeanor probation in another county although [his] probation order contains no search clause." (Id.) When Plaintiff refused to cooperate Defendants McCarter and Key contacted Defendant Hood at the Sumner County Sheriff's Office. (Id.) Defendant Hood came to Plaintiff's room "and based on information from the illegal warrantless search," Defendant Hood applied for and received a search warrant. (Id.) Plaintiff's room was searched again and he was eventually charged with several crimes and transported to the Sumner County Jail. (Id.) Plaintiff asserts that he "is still incarcerated facing trumped-up charges as a result of the defendants disregard for his constitutional rights." (Id. at Page ID# 2.)
>
> Plaintiff alleges that Defendants McCarter, Key and Hood violated his rights under the Fourth Amendment. As relief, he seeks monetary damages.

(Doc. No. 5 at 3.)

   B.   **Allegations and Claims of the Amended Complaint**

The Amended Complaint alleges that discovery in his criminal case revealed that "[t]he two officers from the Tennessee Department of Corrections Board of Probation and Parole (BPP) were Dustin McCarter and Maggie Robbins. The officers involved from the Sumner County Sheriff's Office are Deputies Dustin Hood and Taylor Key, and Detective Brandon Clark." (Doc. No. 8 at 1.) Plaintiff alleges that on October 30, 2017, McCarter and Robbins came to the residence

2

he shared with Geri Lynn Brown in Bethpage, Tennessee, looking for Felicia Hurt. (Id.) Hurt was a parolee under the supervision of McCarter and Robbins. (Id. at 1–2.)[1] McCarter and Robbins entered the residence without a warrant and over Plaintiff's objection, forcing Plaintiff out of his home while they addressed Hurt. (Id. at 2.) The Sumner County Sheriff's Office was called "purportedly due to items in 'plain view' that could be used to manufacture methamphetamine." (Id.) When Deputies Hood and Key arrived at the residence, they "failed to prevent Mr. Sims Fourth Amendment rights from being violated by McCarter and Robbins," instead conspiring with McCarter and Robbins "to further violate[] Mr. Sims rights by contacting Detective Brandon Clark[,] who applied for a search warrant based on illegally obtained information" and therefore "became an active participant" in the conspiracy against Plaintiff. (Id. at 3.)

Plaintiff alleges that Deputy Hood then labeled the residence as "contaminated" by meth manufacture, resulting in the charge against him of "initiation of a process intended to result in the manufacture of methamphetamine," which rendered all property in the residence irretrievable. (Id.) Deputy Hood called Geri Lynn Brown to inform her that she was not allowed to return to the residence. (Id.) Plaintiff alleges that "the room was never legally labeled 'contaminated,'" and he was therefore deprived of his Fourteenth Amendment right to property. (Id.)

Plaintiff seeks compensatory damages "for the loss of all his property, Ms. Brown and her sons property located inside the motel room," and for the illegal entry into his residence and seizure of his person. (Id. at 4.) He seeks "$20,000 in [lost] property, . . . $20,000 in respect to constitutional rights violations, and $40,000 in punitive damages for a total of $80,000." (Id.)

---

[1] The Court notes that the second and third pages of the Amended Complaint were transposed, such that the second page of the document is mislabeled "Page 3 of 4."

**C.     Discussion**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss the complaint if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in § 1915(e)(2)(B) are identified. Under both statutes, this initial review of the complaint asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x

608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

"Section 1983 creates a private right of action against officials who, under color of state law, deprive individuals of their constitutional rights." Brown v. Chapman, 814 F.3d 447, 457 (6th Cir. 2016) (citing 42 U.S.C. § 1983). Plaintiff alleges that the room he was residing in was unlawfully entered by officers of the State Board of Probation and Parole (BPP) without his consent, exigent circumstances, or a warrant, and that he was initially detained without cause by those officers and ultimately arrested based on the officers' observations once inside the room. He was then criminally charged and entered a best-interest plea to the charge(s) against him. He has since been released from custody. (Doc. No. 10.)

"A person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens" to unreasonable searches and seizures. Brooks v. Rothe, 577 F.3d 701, 706 (6th Cir. 2009) (citing U.S. Const. amend. IV; Gardenhire v. Schubert, 205 F.3d 303, 312–13 (6th Cir. 2000)). Presuming the truth of Plaintiff's factual allegations, the Amended Complaint states a colorable claim for a Fourth Amendment violation against Defendants McCarter and Robbins, the BPP officers who entered the residence without justification and initially detained Plaintiff. (Doc. No. 8 at 2.) His constitutional claims against Officers Hood, Key, and Clark of the Sumner County Sheriff's Office, who pursued further investigation of Plaintiff and ultimately arrested him despite the initial unlawful entry into his residence, are derivative of his claim against McCarter and Robbins, see Brooks, 577 F.3d at 709, and his allegation of a conspiracy among the Defendants to overcome the illegality of the initial search by procuring a warrant is sufficiently stated to proceed beyond this initial review. "In order to withstand a motion to dismiss, a complaint alleging

5

a civil rights conspiracy should identify with particularity the conduct violating plaintiffs' rights, the time and place of these actions and the people responsible there[for]." Catala v. Martine, No. 3:15-CV-00772, 2015 WL 7776631, at *4 (M.D. Pa. Dec. 3, 2015) (citation and internal quotation marks omitted). Liberally construed, the Amended Complaint alleges a sequence of events that is minimally sufficient to allow the conspiracy claim to proceed. See generally U.S. v. Davis, 430 F.3d 345, 357–58 (6th Cir. 2005) (holding that subsequent search warrant based on illegally obtained evidence is insufficient to overcome prior unlawful search, if warrant otherwise lacks probable cause).

However, to the extent that Plaintiff sues McCarter and Robbins in their official capacities,[2] he has no claim. A suit against a state employee in his or her official capacity is no different than a suit against the state itself. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citing, e.g., Kentucky v. Graham, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. Kentucky, 473 U.S. 159; Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. Any official-capacity claims against McCarter and Robbins are therefore barred by the Eleventh Amendment and outside the purview of § 1983.

Moreover, Plaintiff's suit against Defendants Hood, Key, and Clark in their official capacities is effectively a suit against Sumner County, the governmental entity they represent. See Alkire v. Irving, 330 F.3d 802, 810 (6th Cir. 2003) (citing, e.g., Kentucky, 473 U.S. at 165). While counties and other municipal defendants are "persons" subject to suit under § 1983, municipal

---

[2] The Amended Complaint does not specify the capacities in which Defendants are sued. However, the original complaint named the state and county Defendants in their official and individual capacities. (Doc. No. 1 at 2–3.)

liability may only be established if the plaintiff's harm is alleged to have been caused by the execution of an official policy or custom of the municipality, rather than simply the misdeeds of municipal employees. Id. at 814–15. "A plaintiff seeking to impose liability under § 1983 must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged," such that there is a "direct causal link between the municipal action and the deprivation of federal rights." Burns v. Robertson Cnty., 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted). Plaintiff alleges that Defendants Hood, Key, and Clark acted conspiratorially and "with malicious intent" (Doc. No. 8 at 3); he does not allege that their actions were in execution of an official policy or custom of Sumner County, or that any causal link exists between the harms he suffered and any such policy or custom. Accordingly, any official capacity claims against Defendants Hood, Key, and Clark must be dismissed.

Finally, while Plaintiff attempts to recover for the loss of property belonging not to him but to Ms. Brown and her son (id. at 4), he plainly is not entitled to do so.

**II.     Conclusion**

As explained above, the Court finds that the Amended Complaint states colorable §1983 claims against the named Defendants in their individual capacities. These claims will be allowed to proceed for further development.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE