UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JARED RANDALL SIMS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DUSTIN McCARTER, et al.,<br><br>　　　　Defendants. | Case No. 3:18-cv-00072<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

On March 29, 2019, this Court ordered pro se Plaintiff Jared Randall Sims to show cause why his claims in this action should not be dismissed for failure to prosecute after Sims failed to follow the Court's orders that he file a second amended complaint and provide a mailing address where he can be reached following his release from jail. (Doc. No. 39.) Sims has not responded to the Court's order to show cause. For the reasons that follow, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute under Rule 41(b) and Local Rule 41.01(b).

### I.　　Factual and Procedural Background

This action began on January 22, 2018, when Sims—who was then incarcerated in the Sumner County Jail—filed a complaint under 42 U.S.C. § 1983 alleging that Defendants Dustin McCarter, Taylor Key, and Dustin Hood violated his Fourth Amendment right to be free from unreasonable search and seizure. (Doc. No. 1.) Sims alleges that, on October 30, 2017, McCarter and Key, who work as probation and parole officers for the Tennessee Department of Corrections (TDOC), arrived at Sims's home looking for a parolee who was visiting Sims and illegally entered

Sims's room despite his objections. (*Id.*) McCarter and Key contacted Hood, who works for the Sumner County Sheriff's Office (SCSO), and Hood subsequently arrived and searched Sims's room under a search warrant he obtained using information from McCarter and Key. (*Id.*) Based on that search, Sims was arrested and transported to the Sumner County Jail. (*Id.*)

On March 2, 2018, the Court granted Sims's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 5, 6.) The Court found that Sims's complaint stated claims for relief under 42 U.S.C. § 1983 and stayed this case pending the conclusion of state criminal proceedings against Sims that followed from the contested search and subsequent arrest. (*Id.*) The Court warned Sims that "failure to keep the Clerk's Office informed of his current address at all times may result in the dismissal of this action." (Doc. No. 6, PageID# 28.) On May 7, 2018, Sims notified the Court that the state criminal proceedings had concluded and asked the Court to reopen this case. (Doc. No. 9.) Sims also moved for leave to file an amended complaint, explaining that he had received additional information regarding the names and roles of the defendants in this action. (Doc. No. 8, PageID# 33.) Specifically, Sims explained that the TDOC officers who arrived at his house on October 30, 2017, were McCarter and Maggie Robbins and that the SCSO officers involved included Hood, Key, and Detective Brandon Clark. (Doc. No. 8.)

On November 13, 2018, the Court granted Sims's motion to reopen the case, construed his motion to amend as the amended complaint he was entitled to file as a matter of course under Federal Rule of Civil Procedure 15, and screened the amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. (Doc. Nos. 11, 12.) The Court found that Sims's amended complaint stated colorable claims against all defendants in their individual capacities but dismissed his claims

against defendants in their official capacities. (*Id.*) The Court directed the Clerk's Office to docket Sims's amended complaint. (Doc. No. 12.)

On January 22, 2018, Defendants Key, Hood, and Clark filed a motion for a more definite statement of which of Sims's pleadings is the operative complaint in this action. (Doc. No. 21.) Sims did not file a response. On January 15, 2019, the Court granted defendants' motion for a more definite statement, finding that the document entered as Sims's amended complaint on the docket was not the four-page motion to amend that the Court had construed as Sims's amended complaint but, instead, was a copy of Sims's original complaint. (Doc. No. 23.) The Court further found that "the most efficient means of resolving the issue is to allow Sims to file a second amended complaint that incorporates the allegations from his motion for leave to amend (Doc. No. 8) and the allegations of his original complaint into a single pleading." (Doc. No. 23, PageID# 102.) The Court ordered Sims to file a second amended complaint by February 12, 2019. (*Id.*)

On February 1, 2019, the Court received a letter from Sims, who was still incarcerated, stating that he did not have copies of his previous filings and could not afford to pay the fee to obtain copies from the Clerk's Office. (Doc. No. 27.) Sims asked that the Court either waive the copying fees or extend the deadline for filing his second amended complaint until after February 14, 2019, when he expected to be released from custody. (*Id.*) The Court construed Sims's letter as a motion for an extension of time, granted the motion, and ordered Sims to file a second amended complaint by February 28, 2019. (Doc. No. 29.) The Court also reminded Sims of his obligation to keep the Clerk's Office informed of his current address. (*Id.*)

Sims did not file a second amended complaint and did not file an updated address. Several mailings to Sims's known address have been returned to the Court as undeliverable. (Doc. Nos. 37, 38, 41.) On March 29, 2019, the Court ordered Sims to show cause by April 18, 2019, why

this action should not be dismissed for Sims's failure to prosecute his claims and keep the Court apprised of his current address. (Doc. No. 39.) The Court warned Sims that failure to respond could result in a recommendation that his claims be dismissed. (*Id.*) As of the date of this Order, Sims has not filed any response.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01(a) (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

This Court's Local Rule 41.01(b) provides that "[a] party proceeding *pro se* must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information, such as telephone number and email address, if any." M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). A pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." *Id.* Where, as here, noncompliance with a local rule is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Sims.

5

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Sims actively litigated this case from January 2018 through February 2019, showing that he can communicate with the Court when he wants to. His failure to file a second amended complaint, keep the Court informed of his current mailing address, and respond to this Court's show cause order therefore appear to be problems of Sims's own making. Even if these failures were not in bad faith, they still reflect "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se incarcerated plaintiff's failure to return service packets or respond to show cause order "to his own willfulness or fault"). This factor therefore supports dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant

6

"expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, the only significant litigation step that Defendants Clark, Hood, and Key have taken is filing a motion for a more definitive statement and a short brief in support of that motion. (Doc. Nos. 21, 22.) Defendants McCarter and Robbins have only filed motions for extensions of time to answer. (Doc. Nos. 33, 35.) These motions were not necessitated by any lack of cooperation by Sims and are better characterized as typical steps in the early stages of litigation. *See Schafer*, 529 F.3d at 739. Consequently, the record does not demonstrate that the defendants have wasted substantial time, money, or effort due to a lack of cooperation by Sims. This factor weighs against dismissal.

C. **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Sims that failure to provide a current mailing address could lead to dismissal. (Doc. Nos. 6, 29.) The Court also warned Sims that failure to respond to the Court's show cause order could lead to a recommendation of dismissal. (Doc. No. 39). This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3

(granting motion to dismiss for failure to prosecute where court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 13th day of May, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge